11-cv-2000 Sec P

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 15 2011

TONY R. MOORE, CLERK
BY ____BW____ DEPUTY
     SHREVEPORT

9-13-11

# UNITED STATE DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# STATE OF LOUISIANA

Curtis L. Kyles #111537                    Case # _____

vs.                                        Sect/Divis. _____

Jackson Parish Correctional Center,        Clerk of Court _____

Department of Public Safety and Correctional    File: _____

State of Louisiana

## Application For Writ of Habeas Corpus
## Pursuant To 28 U.S.C. 2254

NOW INTO COURT comes Curtis Kyles, #111537, in pro-se, capacity who respectfully petitions this Honorable Court for a Writ of Habeas Corpus and submits the following in support thereof.

### Jurisdiction

This Honorable Court has jurisdiction by virtue of U.S.C.A. XIV + I, and Louisiana Constitution (1974) Art. 1+22. State officials are holding petitioner contrary to the laws of the United States and the State of Louisiana. Petitioner asks this Honorable District Court to exercise its jurisdiction in granting petitioners request for Habeas Corpus.

S

(1)

## Respondents In This Action

1.) Jackson Parish Correctional Center;
   Warden Billy Tigner.
2.) Department of Public Safety and Corrections;
   James LeBlanc, Secretary of Corrections.

## Relevant State And United States Constitutional Provisions

The Louisiana Constitution under Act. 1+5 protects citizens against unlawful state action. Johnson v. Pearce, 313 So.2d 812 (La. 1975) and Whittington v. Gibson Discount, 296 So.2d 375 (La. App. 2nd Cir. 1974). The 14th Amendment of the U.S. Constitutions protects its citizens against unreasonable and unconstitutional detention in violation of a prisoners right to Due Process of Law.

## Facts Of This Case

Petitioner filed Administrative Remedy Procedure, (A.R.P.) to the Department of Corrections, (D.O.C.) Alleging that his Master Prison Record (rap-sheet) was incorrect and he was not being awarded all of his jail credits which he was awarded by the trial Judge. "See Exhibits (A+B)." This Administrative Remedy was denied. Petitioner then sought relief to the Trial Court by way of Motion To Clarify. The Trial Court

(2.)

response in this matter was for the defendant/petitioner to file a Civil Lawsuit to the 19th Judicial District. The Court also confirmed the fact that petitioner was awarded his jail credits. "See Exhibits (C+D)"

### Law And Argument

Jack L. Blair v. Richard Staldee, 1st Cir. 798 So.2d 132 (La. App. 2001), this court held that, it is well settled that the determination of the sentence, a Defendant is to serve and what conditions are to be imposed on that sentence, is made by the trial Judge, not defendants custodian. The custodian obligation is to see that the sentence imposed is the sentence served. Thus, the Department of Public Safety and Correctional is charged with only the responsibility of complying with any conditions placed on a sentence by the Trial Judge. State ex Rel. Pierre v. Maggio, 445 So.2d 425 (La. 1984)., Also prohibited Department of Correction from interpreting terms and conditions of imprisonment. Petitioner also complains that by Department of Correctional not awarding him his Jail Credits his 14th Amendment Rights to Due Process are in violation.

### Conclusion

Petitioner contends that as a result of the

(3.)

Department of Correctional not Awarding him his Jail Credits, he has been denied excess to his Parole Hearing, Also has effect on the exact date of his release, which is in violation of his Due Process Right, also in violation of his 14th Amendment Rights to the Constitution of the State of Louisiana, also the United State Constitution.

### Relief

Petitioner is seeking Punitive Damages as a result of the Department of Public Safety and Corrections being diligent in its obligation, also depriving him of his credits, also his release. Petitioner contends that if awarded the additional credits, he should be released from the custody of Deparment of Correction.

### Prayer

Petitioner prays this Honorable Court considers all of the merits his Application contains and issue a ruling granting him relief which he seeks.

Respectfully Submitted;

Curtis L. Kyles, #111537
Jackson Parish Correctional Center
327 Industrial Dr.
Jonesboro, La. 71251

(4.)

Lucis Kyles, # 111537
Dorm-B, J.P.C.C.
327 Industrial Dr.
Jonesboro, LA. 71251

"LEGAL-MAIL"

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 15 2011

TONY R. MOORE
BY _____
SHREVEPORT    DEPUTY

Jackson Parish Correctional Ctr.
Inmate Mail
NOT CENSORED

71101#3141

United States District Court
Western District Court
Clerk of Court
Suite 1167
300 Fannin St.
Shreveport, LA. 71101